COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


FRANK ST. PETER

v.      Record No. 2945-05-1

ISLE OF WIGHT COUNTY
   DEPARTMENT OF SOCIAL SERVICES              MEMORANDUM OPINION*
                                                         PER CURIAM
JANET ST. PETER                                          JUNE 27, 2006

v.      Record No. 2953-05-1

ISLE OF WIGHT COUNTY
   DEPARTMENT OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                           Rodham T. Delk, Jr., Judge

               (Patricia A. Cannon; Cannon, Collins & Plott, PLC, on brief), for
               appellant Frank St. Peter.  Appellant Frank St. Peter submitting on
               brief.

               (Johnnie E. Mizelle, on brief), for appellant Janet St. Peter.
               Appellant Janet St. Peter submitting on brief.

               (Richard L. Francis; L. Wayne Farmer, Guardian *ad litem* for the
               minor child; Francis & Francis, P.C., on briefs), for appellee.
               Appellee submitting on brief.


        On November 8, 2005, the trial court entered an order terminating the parental rights of

Frank St. Peter (father) and Janet St. Peter (mother) to their daughter, A.S.  The trial court found

clear and convincing evidence proved the circumstances required for termination pursuant to Code

§ 16.1-283(B).  The trial court also found, with regard to father, the evidence proved the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

circumstances required for termination pursuant to Code § 16.1-283(C)(1) and (2).[1]  On appeal, appellants contend the evidence was insufficient to prove that the neglect or abuse suffered by A.S. presented a serious and substantial threat to her life, health or development, as required by Code § 16.1-283(B).  Appellants also argue the evidence was insufficient to prove the Department of Social Services (DSS) provided them with adequate services to satisfy Code § 16.1-283(C)(2).  Finding no error, we affirm.

### FACTS

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

A.S., the biological child of mother and father, was born on January 29, 2000.  In September 2001, Alice Bryant, a DSS social worker, went to appellants' home to investigate a report of child neglect.  At the time, appellants lived in a rented, dilapidated farmhouse with A.S. and father's four children.  Father's four children, who previously had resided with their mother in West Virginia, had recently joined the household.[2]

Bryant noted holes in the floor of the home and walls falling down.  Numerous animals, including goats and chickens, roamed freely in the home, and animal feces were on the floor.  There was little food in the house and nothing to drink.  The children were covered with insect bites, some on the verge of infection.

---

[1] Although the trial court, in its written opinion, stated the evidence was sufficient to support termination of the parental rights of both appellants pursuant to Code § 16.1-283(C), the final order refers only to father with regard to termination under Code § 16.1-283(C).  "It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders."  Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996).

[2] In early 2000, before father's four children came to live with him, there were findings of abuse against appellants involving mother's child, M.  M. subsequently went to live with his biological father.

On November 21, 2001, the Juvenile and Domestic Relations District Court (juvenile court) entered a protective order prohibiting appellants from further acts of abuse and ordered them to complete counseling, parenting classes, and anger management therapy. DSS provided the family with groceries, medical care, transportation, and counseling. The living conditions in the home did not improve, however. Mother was not receptive to the services provided and exhibited angry behavior toward social workers. Appellants and the children frequently missed counseling appointments although DSS made transportation available to them. At that time, A.S.'s primary caregiver in the home was Hazel, father's twelve- or thirteen-year-old daughter.

Priscilla Wiggins, a social worker, worked with the St. Peter family from February to June 2002. Wiggins was present in the St. Peter home for fifteen to twenty hours per week. The situation was chaotic as the family communicated by yelling. Although father was left to care for A.S. during the daytime while mother was working, he failed to change A.S.'s diaper or feed her, waiting instead for Hazel to return home from school and perform these duties. Most of the therapy sessions involving mother ended with her becoming angry and storming out.

On June 11, 2002, the juvenile court found appellants in violation of the protective order. A.S. and the other children were removed from the home and placed with foster families. At the time she was removed from the home, A.S. was covered in flea bites. A.S. also had a square-shaped burn on her wrist.

Dr. Pamela Vaught provided therapy for A.S. and appellants beginning in September 2001. Vaught noted that in June 2002, when A.S. was about two and one-half years old, she was developmentally delayed and essentially non-verbal.[3] Vaught opined that the lack of appropriate caretaking and A.S.'s living environment had contributed to her developmental delay and threatened

---

[3] Vaught testified A.S., at that time, verbally communicated only with Hazel.

her psychological well-being. Vaught further concluded that appellants' cognitive limitations prevented them from being effective parents for A.S.

At the time of the termination hearing on November 1, 2005, A.S. was five years old.[4] A.S. had lived with the same foster family for three years and bonded with them. The foster family wanted to adopt her. A.S. had adjusted well in her foster home, and was on target for her age in all areas.

Pursuant to orders of the juvenile court, appellants were referred to the Children's Hospital of the King's Daughters for a parenting capacity evaluation. Both father and mother had completed classes in parenting, anger management, and budgeting. However, neither parent was capable of practical application of concepts presented in the parenting classes. Evaluators concluded that mother's parenting abilities were "extremely limited." Based upon observations of father during clinical sessions with the entire family, an evaluator opined that father "would not be capable of assuming complete parental responsibility for his children without considerable support from his wife." Father did not complete the psychological component of the evaluation.

DISCUSSION

I.

On appeal, appellants challenge the sufficiency of the evidence to support the termination of their parental rights pursuant to Code § 16.1-283(B).

> When reviewing a decision to terminate parental rights, we presume the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). In its

_____

[4] Appellants did not appear at the termination hearing and were residing in Kansas.

> capacity as factfinder, therefore, the circuit court retains "broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005).

A termination under Code § 16.1-283(B) requires the following findings:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

In challenging the termination pursuant to Code § 16.1-283(B), appellants argue only that the evidence did not satisfy the condition contained in Code § 16.1-283(B)(1).

In September of 2001, Bryant found A.S. and her family living in a farmhouse under deplorable conditions. The physical structure of the home was compromised. Farm animals and feces were throughout the home. There was nothing to drink and little food in the home. Family communication was accomplished by yelling.

DSS removed A.S. from the home in June 2002, when she was about two and one-half years old. Conditions in the home had not significantly improved since DSS became involved with the St. Peter family. Neither father nor mother was committed as a primary caretaker for A.S., relying upon Hazel to tend to A.S.'s needs. At that time, A.S. demonstrated symptoms of developmental delay and was verbal only with Hazel. Dr. Vaught opined that lack of appropriate caretaking and living conditions had contributed to A.S.'s developmental delay and placed her psychological health at risk.

Considering these facts and circumstances, clear and convincing evidence proved that the neglect or abuse suffered by A.S. presented a serious and substantial threat to her life, health or

development.  Accordingly, the trial court did not err in ordering the termination of appellants' parental rights pursuant to Code § 16.1-283(B).

II.

As noted above, the final order does not indicate the trial court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2).  However, both appellants contend the evidence was insufficient to support a termination under Code § 16.1-283(C)(2), which requires proof that the parent,

> without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding reasonable and appropriate efforts of . . . [services agencies] to such end.

Terminations pursuant to Code § 16.1-283(B) and (C)(2) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights."  City of Newport News v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).  When termination of parental rights under one subsection of Code § 16.1-283 is upheld, we need not consider termination under alternative subsections.  See Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Thus, having concluded above that the evidence was sufficient to support the termination of appellants' parental rights under Code § 16.1-283(B), we need not consider the termination of the father's rights pursuant to Code § 16.1-283(C)(2).  Accordingly, the ruling of the trial court is affirmed.

Affirmed.